11-2463-cv
Drumm v. SUNY Geneseo College

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand twelve.

PRESENT:  GUIDO CALABRESI,
                    GERARD E. LYNCH,
                    RAYMOND J. LOHIER, JR.,
                              *Circuit Judges.*

———————————————————————

CONNIE DRUMM,
                    *Appellant*,

          v.                                                            11-2463-cv

SUNY GENESEO COLLEGE,
                    *Appellee*.

———————————————————————

FOR APPELLANT:          STEVEN LAPRADE (Christina A. Agola, *on the brief*), Christina A. Agola, PLLC, Brighton, NY.

FOR APPELLEE:           LAURA ETLINGER (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

1

Appeal from the judgment of the United States District Court for the Western District of New York (David G. Larimer, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Connie Drumm was employed as a janitor with defendant State University of New York Geneseo College. On October 13, 2009, she received notification from defendant that her employment would be terminated as of November 13, 2009, "due to one cumulative year of absence." Plaintiff then commenced this action against defendant, alleging that defendant retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).[1] The district court dismissed plaintiff's complaint for failure to state a claim, and denied plaintiff leave to amend. We assume the parties' familiarity with the underlying facts and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In addition, "the tenet that a court

---

[1] The complaint also included a retaliation claim under the New York State Human Rights Law. See N.Y. Exec. Law § 296(7). Plaintiff has not appealed the district court's dismissal of that claim.

2

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011) ("We are not . . . bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." (internal quotation marks omitted)).

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any . . . employee[] . . . because [the employee] has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). "To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there existed a causal connection between the protected activity and the adverse action." Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007). As we have recognized, "[a] plaintiff may prevail on a claim for retaliation even when the underlying conduct complained of was not in fact unlawful so long as [she] can establish that [she] possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (internal quotation marks and alteration omitted); see also Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988).

We affirm the district court's judgment because in both her complaint and her proposed amended complaint plaintiff has failed to adequately allege that she had a good

3

faith, reasonable belief that she challenged conduct that constituted gender discrimination. First, plaintiff's allegation that she "had a good faith basis to believe that she was being treated differently on the basis of her sex" is conclusory and therefore insufficient to satisfy her pleading burden. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, plaintiff's allegations that can properly be considered factual do not suggest that she had a reasonable belief that she was a victim of gender discrimination. Plaintiff's allegation that on two occasions day positions she requested were given to younger female employees could not cause a reasonable belief that she was a victim of gender discrimination.[2] Likewise, plaintiff's allegations that her supervisor "berated" her and made other harsh comments – for example, that she was a "disappointment" to him – amount only to general allegations of mistreatment, and do not support an inference that plaintiff had a reasonable good faith belief that she was subject to gender discrimination.[3] Nothing in plaintiff's motion for leave to amend her complaint offered any prospect of curing these defects.

---

[2] Plaintiff's original complaint did not specify the gender of the two recipients of the day positions. However, her amended complaint indicates that the jobs went to "inexperienced females in her [sic] 20s."

[3] We note that plaintiff has made no allegations regarding how her supervisor treated other employees. An allegation that, for example, her supervisor directed harsh comments only at female employees might have provided a good faith basis for plaintiff's complaint of gender discrimination, but the plaintiff makes no such allegation.

4

We have considered all of plaintiff's arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk